**UNITED STATES FIDELITY & GUARANTY COMPANY,**
Plaintiff,

v.

**SULCO, INC., Defendant.**

**Civil Action No. 95–2189–DES.**

United States District Court,
D. Kansas.

March 10, 1997.

Laurence R. Tucker, Stuart K. Shaw, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Melody L. Nashan, Watson &

Marshall L.C., Kansas City, MO, Steven B. Moore, Rasmussen & Barton LLC, Kansas City, MO, for U.S. Fidelity and Guar. Ins. Co.

William A. Larson, Gehrt & Roberts, Chartered, Topeka, KS, for Sulco, Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion to Exclude Testimony of August F. Stratemeier, Jr. (Doc. 48). For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

On or about April 3, 1984, United States Fidelity & Guaranty Company ("USF&G") and Sulco, Inc. ("Sulco") entered into an Agency Agreement whereby Sulco agreed to act on behalf of USF&G in the solicitation and sale of various insurance policies. In May of 1984, Sulco, acting as the agent of USF&G, presented to Keim Transportation, Inc. ("Keim") a proposal for insurance to cover Keim's worker's compensation, automobile liability, and physical damage insurance needs. Although Keim ultimately entered into a contract with USF&G for insurance coverage, Keim subsequently claimed that it was misled by Sulco into purchasing insurance on terms other than it reasonably expected. Accordingly, Keim made a claim against USF&G for the amount of excess premiums it paid. A similar scenario, also resulting in Keim making a claim against USF&G, arose out of a May 1987 proposal from Sulco for insurance coverage.

As a result of Sulco's alleged acts, omissions, and negligence in presenting and explaining the terms of insurance purchased by Keim in 1984 and 1987, as well as Sulco's alleged mishandling of the business relationship with Keim, Keim filed a lawsuit against USF&G in the District Court of Shawnee County, Kansas. Keim sought damages in excess of one million dollars arising from claimed overpayment of premiums, errors in the handling of insurance business, and mis-

representations alleged to have been made by USF&G, by and through its agent, Sulco.

USF&G and Keim entered into a settlement agreement in October of 1994. The terms of the settlement required USF&G to pay $775,000.00 to Keim in return for Keim's dismissal of its action against USF&G, an assignment of Keim's claims against Sulco, and a release of all other claims by Keim against USF&G. Thereafter, USF&G filed the present action against Sulco seeking damages in excess of $50,000 for which USF&G claims it was held vicariously liable as a result of Sulco's alleged negligence.

## DISCUSSION

### I. Qualification as an Expert

■ USF&G first contends that Mr. Stratemeier does not qualify as an expert witness to render an opinion regarding USF&G's alleged mishandling of claims. In support of this contention, USF&G calls attention to Mr. Stratemeier's July 20, 1993, deposition, in which he stated he had no experience as a claims adjuster or claims manager, "just close involvement with the conduct of claims for several of these accounts." USF&G also suggests that Mr. Stratemeier's resume lacks any indication of claims handling experience. Therefore, USF&G concludes, Mr. Stratemeier's testimony regarding claims handling must be excluded because Mr. Stratemeier is not an expert by knowledge, skill, training, or education in claims handling. The court disagrees.

The admissibility of expert testimony is governed by Fed.R.Evid. 702 which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

*Id.* As the Tenth Circuit has instructed, "the 'touchstone' of admissibility [under Rule 702] is helpfulness to the trier of fact." *Compton v. Subaru of America, Inc.*, 82 F.3d 1513 (10th Cir.1996) (citing *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991)). Therefore, "as long as a logical basis

exists for an expert's opinion ... the weaknesses in the underpinnings of the opinion[ ] go to the weight and not the admissibility of the testimony." *Compton,* 82 F.3d at 1518(citing *Jones v. Otis Elevator Co.,* 861 F.2d 655, 663 (11th Cir.1988)). Furthermore, under the federal rules, trial courts "are accorded broad discretion in determining the competency of expert witnesses." *Wheeler v. John Deere Co.,* 935 F.2d 1090, 1100 (10th Cir.1991).

The record reveals Mr. Stratemeier's career in the insurance industry spans nearly forty-five years. His resume indicates he has held management positions in the industry at all levels, including manager of claims processing for the year 1950–1951. That Mr. Stratemeier never held the title of "claims adjuster" or "claims manager" is not dispositive of his qualifications as an expert in this case. As long as an expert stays "within the reasonable confines of his subject area," the Tenth Circuit has held "a lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight." *Wheeler,* 935 F.2d at 1100 (mechanical engineer with expertise in the design of farm equipment permitted to testify on consumer expectations despite lack of experience in consumer sampling); *see also, Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 176–77 (5th Cir.1990) (engineer experienced in designing devices similar to a brake press qualified to testify on safety of brake press), cert. denied, 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131, (1993). Although another witness might have provided greater expertise in the area of claims handling, the court nevertheless finds Mr. Stratemeier's experience as an insurance industry professional sufficient to permit his testimony.

## II. Testimony Regarding the Portel/Maycroft Claim

■ USF&G next contends that certain portions of Mr. Stratemeier's testimony should be excluded because they are based on "hearsay evidence not of a type reasonably relied upon by experts in the industry." In particular, USF&G asserts that although Mr. Stratemeier reviewed the relevant file, he improperly based his opinion on the hearsay notes of a third party. The court agrees

the notes were hearsay, but this determination does not end the analysis.

Fed.R.Evid. 703, which describes the appropriate bases for expert opinions, provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

*Id.* Fed.R.Evid. 703 allows an expert witness to base his testimony upon hearsay provided, however, that the facts or data underlying the expert's conclusions are of a type reasonably relied upon by others in his field of expertise. *United States v. Affleck,* 776 F.2d 1451 (10th Cir.1985). *See Mannino v. International Mfg. Co.,* 650 F.2d 846 (6th Cir. 1981). "The rationale for this exception to the rule against hearsay is that the expert, because of his professional knowledge and ability, is competent to judge for himself the reliability of the records and statements upon which he bases his expert opinion." *United States v. Williams,* 447 F.2d 1285 (5th Cir. 1971).

The question, therefore, is whether the notes kept by Mr. Bernard Wiltz, an employee of Keim Transportation, are of the type of facts or data reasonably relied on by other experts in the insurance field in a case such as this. USF&G contends they are not. The court disagrees and finds there is an adequate basis for Mr. Stratemeier's opinion within the meaning of Fed.R.Evid. 703. The Advisory Committee Notes accompanying Rule 703 explain that in practice experts commonly seek the statements of others when forming their opinions. Moreover, Mr. Stratemeier does *not rely solely on* the notes in issue, but instead brings to bear his professional knowledge, ability, and experience in evaluating and drawing conclusions from these documents. It is also clear that Mr. Stratemeier reviewed the relevant file before forming his opinion. Under the circumstances, it appears that Mr. Stratemeier relied on the sort of material on which an

expert in his field might reasonably rely. Any concerns USF&G may have about Mr. Stratemeier's testimony, including his reliance on these out-of-court statements, may be adequately raised and explored on cross-examination.

### III. *Daubert* Challenge

■ USF&G also challenges the admissibility of Mr. Stratemeier's testimony based on the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). However, as the Tenth Circuit found in *Compton v. Subaru of Am., Inc.,* 82 F.3d 1513, 1518 (10th Cir.1996), *Daubert* analysis is applicable only when a proffered expert relies on some principle or methodology. Application of *Daubert* is unwarranted in cases where expert testimony is based solely upon experience or training, and in such cases, "Rule 702 merely requires the trial court to make a preliminary finding that proffered expert testimony is both relevant and reliable while taking into account ' [t]he inquiry' envisioned by Rule 702 is a flexible one." *Compton,* 82 F.3d at 1518–19 (quoting *Daubert,* 509 U.S. at 594, 113 S.Ct. at 2797.).

■ According to Sulco's representations, Mr. Stratemeier's opinions are based primarily on his experience in the insurance industry and not on a particular methodology or technique. Indeed, USF&G itself notes in its motion that "Mr. Stratemeier's opinion is not based on scientific, technical or specialized knowledge...." The *Daubert* analysis, therefore, is not implicated here and no Daubert hearing is necessary. Instead, only a traditional admissibility inquiry under Fed.R.Evid. 702 should be exercised. The court finds, based upon Mr. Stratemeier's extensive experience, that his proposed testimony satisfies the traditional Fed.R.Evid. 702 inquiry. USF&G's arguments to exclude Mr. Stratemeier's testimony go to the weight and not to the admissibility of the testimony. As already mentioned, any concerns USF&G may have about Mr. Stratemeier's testimony, including weaknesses in his methodology and investigation, may be inquired into through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [which] are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596, 113 S.Ct. at 2798 (citing *Rock v. Arkansas,* 483 U.S. 44, 61, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987)).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Exclude Testimony of August F. Stratemeier, Jr. (Doc. 48) is denied.